### 15143. CLEMENTS *v.* THE STATE.

BROYLES, C. J. The defendant's conviction of carrying a concealed weapon was not authorized by the evidence, and the court erred in overruling his motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 16, 1924.

Accusation of carrying concealed weapon; from city court of LaGrange—Judge Duke Davis. October 19, 1923.

The defendant was arrested when driving a buggy at two o'clock in the morning, and the person who arrested him testified: "He appeared to be drunk. . . I got in the buggy and started to drive to town with him. The horse began to run, . . and while I was quieting the horse he drew his hand from his side or back and drew a pistol. He pointed the pistol at me and shot. . . Until he drew his hand from his side or back the pistol was concealed. . . At that time it was dark. . . I did not see the pistol until the defendant lifted it up as if he was trying to shoot me. There was room for the pistol on the seat beside him. It might have been there, but I did not see it there. I cannot say that it was concealed, but I did not see it. I do not know where it was drawn from, whether from his pocket or from the seat. It was not visible to me. He pulled it from his back or side." The defendant, in his statement at the trial, said: "I had this pistol on the seat of the buggy, by my side. It was not concealed, and when I took it up I took it from the seat by my side. . . The pistol was not hidden."

*J. R. Terrell Jr.,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

---